1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILLIE GEORGE ERWIN, JR., | ) | No. C 12-0031 LHK (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF DISMISSAL WITH |
| | ) | LEAVE TO AMEND |
| v. | ) | |
| | ) | |
| WARDEN R. GROUNDS and J. CLARK | ) | |
| KELSO, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, a California state prisoner proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983, the Americans with Disabilities Act of 1990, 42 U.S.C.§ 12101 *et seq.* ("ADA"), and Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.*  Plaintiff has been granted leave to proceed in forma pauperis in a separate order.  For the reasons stated below, the Court DISMISSES the complaint with leave to amend.

**BACKGROUND**

According to the complaint, Plaintiff suffers from a mobility impairment of a fused right ankle, which causes him chronic pain in his lower extremities.  Plaintiff was placed in the Disability Placement Program at Central Training Facility, with a designation of "mobility impaired not impacting placement" ("DNM").  Plaintiff asserts that he is being denied Disability Placement Program verification, as well as accommodations to which he is entitled, based on his disability.

**DISCUSSION**

A.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

B.    Legal Claims

1.    ADA, Rehabilitation Act, and § 1983 Claims

In its present form, it is unclear what Plaintiff wishes to allege. Potentially, he has a claim under the ADA, the Rehabilitation Act, and § 1983. However, the Court cannot determine what Plaintiff's intentions are. To aid in the Court's preliminary screening, Plaintiff must amend his complaint.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state a claim under Title II of the ADA, a plaintiff must allege four elements: (1) that he is an individual with a disability; (2) that he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) that he was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (4) that such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. *See Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *cf. Olmstead v. Zimring*, 527 U.S. 581, 589-91 (1999) (essentially same showing required to state cause of action under Section 504 of the Rehabilitation Act).

However, the law is clear that "a plaintiff cannot bring an action under 42 U.S.C. § 1983

against a State official in her individual capacity to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act." *See Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002). Nor can a plaintiff bring an ADA action under § 1983 against a State official in his official capacity. *See Cherry v. City College of San Francisco*, No. 04-4981 WHA, 2006 WL 6602454, *11-12 (N.D. Cal. 2006). In sum, Plaintiff cannot assert a § 1983 claim in an attempt to enforce his ADA or Rehabilitation Act rights.

In addition, if Plaintiff intends to allege claims under the ADA and Rehabilitation Act, he cannot sue these Defendants in their individual capacities. *See Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999) ("Title II provides disabled individuals redress for discrimination by a 'public entity.' *See* 42 U.S.C. § 12132. That term, as it is defined within the statute, does not include individuals. *See* 42 U.S.C. § 12131(1)."). Thus, if Plaintiff is suing under the ADA and Rehabilitation Act, he must name a public entity as a Defendant.

If, however, Plaintiff wishes to sue under 42 U.S.C. § 1983, the complaint does not appear to state a claim under 42 U.S.C. § 1983 for cruel and unusual punishment. Deliberate indifference to a serious risk of harm to a prisoner violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 102-04 (1976). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *See Farmer v. Brennan*, 511 U.S. 825, 837, 844 (1994). Here, Plaintiff does not allege any unmet need for treatment of his fused right ankle or resulting chronic pain. Instead, he alleges that prison officials are discriminating against him based on his disability.

Courts should not undertake to infer another cause of action when a pro se complaint clearly states a claim under a specified cause of action. *See Bogovich v. Sandoval*, 189 F.3d 999, 1001 (9th Cir. 1999). Accordingly, Plaintiff must file an amended complaint in which it is clear that there is a federal question, and what that federal question is. *See Easton v. Crossland Mortgage Corp.*, 114 F.3d 979, 982 (9th Cir. 1997).

## CONCLUSION

1. Plaintiff's complaint is DISMISSED with leave to amend.

1       2.      Plaintiff shall file an AMENDED COMPLAINT within **thirty days** from the date

2  this order is filed to cure the deficiencies described above.  The amended complaint must include

3  the caption and civil case number used in this order (C 12-0031 LHK (PR)) and the words

4  AMENDED COMPLAINT on the first page.  Plaintiff may not incorporate material from the

5  prior complaint by reference.  **Failure to file an amended complaint within thirty days and in**

6  **accordance with this order will result in dismissal of this action.**

7       3.      Plaintiff is advised that an amended complaint supersedes the original complaint.

8  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged

9  in the amended complaint."  *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

10  Defendants not named in an amended complaint are no longer defendants. *See Ferdik v.*

11  *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

12       4.      It is the Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

13  Court informed of any change of address by filing a separate paper with the clerk headed "Notice

14  of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to

15  do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule

16  of Civil Procedure 41(b).

17       IT IS SO ORDERED.

18  DATED: ___4/9/12___

19                            LUCY H. KOH
                          United States District Judge

20

21

22

23

24

25

26

27

28