**FILED**

JUL 1 6 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILLIE GEORGE ERWIN, JR., | ) | No. C 12-0031 LHK (PR) |
| Plaintiff, | ) | ORDER OF SERVICE; |
| | ) | DIRECTING DEFENDANTS TO |
| v. | ) | FILE DISPOSITIVE MOTION OR |
| | ) | NOTICE REGARDING SUCH |
| MATTHEW CATE and WARDEN R. | ) | MOTION |
| GROUNDS, | ) | |
| Defendants. | ) | |

Plaintiff, a California state prisoner proceeding *pro se*, filed an amended civil rights

action under 42 U.S.C. § 1983, against Director Matthew Cate and Warden R. Grounds.  Plaintiff

has been granted leave to proceed in forma pauperis in a separate order.  For the reasons stated

below, the Court will serve the amended complaint.

**DISCUSSION**

A.      Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner

seeks redress from a governmental entity or officer or employee of a governmental entity.  *See*

28 U.S.C. § 1915A(a).  In its review, the Court must identify any cognizable claims and dismiss

any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C.

1  § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v.*

2  *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

3  B.    Legal Claim

4        According to the amended complaint, Plaintiff suffers from a permanent mobility

5  impairment.  Plaintiff was initially placed in the Disability Placement Program at Central

6  Training Facility.  At some unspecified time, however, Plaintiff asserts that he was improperly

7  excluded from the disability program called Disability Not Impacting Placement Mobility, even

8  though participation had been recommended by his Primary Care Physician.  Liberally

9  construed, Plaintiff states a cognizable claim of deliberate indifference to his serious medical

10  needs.

11                                **CONCLUSION**

12        1.    The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of

13  Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended

14  complaint and all attachments thereto (docket no. 6), and a copy of this Order to **Warden Randy**

15  **Grounds** at **Correctional Training Facility** and **Director Matthew Cate** at the **CDCR.**

16        The Clerk of the Court shall also mail a courtesy copy of the amended complaint and a

17  copy of this Order to the California Attorney General's Office.  Additionally, the Clerk shall

18  mail a copy of this Order to Plaintiff.

19        2.    Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure

20  requires them to cooperate in saving unnecessary costs of service of the summons and complaint.

21  Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on

22  behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear

23  the cost of such service unless good cause is shown for their failure to sign and return the waiver

24  form.  If service is waived, this action will proceed as if Defendants had been served on the date

25  that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required

26  to serve and file an answer before **sixty (60) days** from the date on which the request for waiver

27  was sent.  (This allows a longer time to respond than would be required if formal service of

28  summons is necessary.)  Defendants are asked to read the statement set forth at the bottom of the

1   waiver form that more completely describes the duties of the parties with regard to waiver of

2   service of the summons.  If service is waived after the date provided in the Notice but before

3   Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date

4   on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is

5   filed, whichever is later.

6         3.     No later than **ninety (90) days** from the date of this order, Defendants shall file a

7   motion for summary judgment or other dispositive motion with respect to the cognizable claims

8   in the complaint.

9          a.     If Defendants elect to file a motion to dismiss on the grounds that Plaintiff

10   failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),

11   Defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315

12   F.3d 1108, 1119-20 (9th Cir. 2003).

13          b.     Any motion for summary judgment shall be supported by adequate factual

14   documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil

15   Procedure.  **Defendants are advised that summary judgment cannot be granted, nor**

16   **qualified immunity found, if material facts are in dispute.  If Defendants are of the opinion**

17   **that this case cannot be resolved by summary judgment, they shall so inform the Court**

18   **prior to the date the summary judgment motion is due.**

19         4.     Plaintiff's opposition to the dispositive motion shall be filed with the Court and

20   served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is

21   filed.

22         a.     In the event Defendants file an unenumerated motion to dismiss under

23   Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

24          The defendants have made a motion to dismiss pursuant to Rule 12(b) of

25   the Federal Rules of Civil Procedure, on the ground you have not exhausted your
administrative remedies.  The motion will, if granted, result in the dismissal of

26   your case.  When a party you are suing makes a motion to dismiss for failure to

27

[1] The following notice is adapted from the summary judgment notice to be given to pro se

28   prisoners as set forth in *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  *See*
*Wyatt v. Terhune*, 315 F.3d at 1120 n.14.

1    exhaust, and that motion is properly supported by declarations (or other sworn
     testimony) and/or documents, you may not simply rely on what your complaint
2    says. Instead, you must set out specific facts in declarations, depositions, answers
     to interrogatories, or documents, that contradict the facts shown in the defendant's
3    declarations and documents and show that you have in fact exhausted your
     claims. If you do not submit your own evidence in opposition, the motion to
4    dismiss, if appropriate, may be granted and the case dismissed.

5              b.      In the event Defendants file a motion for summary judgment, the

6    Ninth Circuit has held that the following notice should be given to plaintiffs:

7              The defendants have made a motion for summary judgment by which they
               seek to have your case dismissed. A motion for summary judgment under Rule
8              56 of the Federal Rules of Civil Procedure will, if granted, end your case.

9              Rule 56 tells you what you must do in order to oppose a motion for
               summary judgment. Generally, summary judgment must be granted when there is
10             no genuine issue of material fact – that is, if there is no real dispute about any fact
               that would affect the result of your case, the party who asked for summary
11             judgment is entitled to judgment as a matter of law, which will end your case.
               When a party you are suing makes a motion for summary judgment that is
12             properly supported by declarations (or other sworn testimony), you cannot simply
               rely on what your complaint says. Instead, you must set out specific facts in
13             declarations, depositions, answers to interrogatories, or authenticated documents,
               as provided in Rule 56(e), that contradict the facts shown in the defendants'
14             declarations and documents and show that there is a genuine issue of material fact
               for trial. If you do not submit your own evidence in opposition, summary
15             judgment, if appropriate, may be entered against you. If summary judgment is
               granted in favor of defendants, your case will be dismissed and there will be no
16             trial.

17   *See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read

18   Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317

19   (1986) (holding party opposing summary judgment must come forward with evidence showing

20   triable issues of material fact on every essential element of his claim).

21             5.      Defendants shall file a reply brief no later than **fourteen (14) days** after

22   Plaintiff's opposition is filed.

23             6.      The motion shall be deemed submitted as of the date the reply brief is due. No

24   hearing will be held on the motion unless the Court so orders at a later date.

25             7.      All communications by the Plaintiff with the Court must be served on Defendants

26   or Defendants' counsel, by mailing a true copy of the document to Defendants or Defendants'

27   counsel.

28             8.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

1    No further Court order is required before the parties may conduct discovery.

2        9.       It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court

3    and all parties informed of any change of address and must comply with the Court's orders in a

4    timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute

5    pursuant to Federal Rule of Civil Procedure 41(b).

6        IT IS SO ORDERED.

7    DATED: 7/16/12

8                                          LUCY H. KOH
                                           United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

WILLIE G. ERWIN JR. et al,                          Case Number: CV12-00031 LHK

           Plaintiff,                          **CERTIFICATE OF SERVICE**

   v.

R. GROUNDS et al,

           Defendant.
_____/

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 16, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Willie George Erwin T-64857
Central Facility
P.O. Box 689
Soledad, CA 93960-0689

Dated: July 16, 2012

                               Richard W. Wieking, Clerk
                               /s/ By: Elizabeth Garcia, Deputy Clerk