1

2

3

4                     UNITED STATES DISTRICT COURT

5                     NORTHERN DISTRICT OF CALIFORNIA

6

7   WILLIE GEORGE ERWIN,                 Case No.  12-00031-JST (PR)

        Plaintiff,
8
                                         **ORDER GRANTING DEFENDANTS'**
9       v.                               **MOTION TO DISMISS**

10   R. GROUNDS, et al.,                 Re: Dkt. No. 18

        Defendants.
11

12

13       Plaintiff, a California state prisoner proceeding pro se, filed this civil rights action pursuant

14   to 42 U.S.C. § 1983.  On April 9, 2012, the complaint was dismissed with leave to amend.

15   Plaintiff filed an amended complaint asserting that defendants Warden R. Grounds ("Grounds")

16   and Matthew Cate ("Cate") violated his Eighth Amendment right to adequate medical care while

17   plaintiff was incarcerated at Central Training Facility ("CTF").  Now before the Court is

18   defendants' motion to dismiss the amended complaint under Rule 12(b)(6) of the Federal Rules of

19   Civil Procedure for failure to state a cognizable claim for relief.  Plaintiff has filed an opposition to

20   the motion, and defendants have filed a reply.  For the reasons discussed below, the motion to

21   dismiss is granted.

22                           **FACTUAL BACKGROUND**

23       Plaintiff alleges in his amended complaint that he was excluded from a disability

24   categorization arising from a remedial order in Armstrong v. Brown, Northern District of

25   California Case No. 94-2307 CW ("Armstrong").  Armstrong is a class action concerning

26   disability accommodations for prisoners and parolees in the California Department of Corrections

27   and Rehabilitation ("CDCR").  The Armstrong court ordered "Remedial Plan" requires the CDCR

28   "to ensure that prisoners and parolees with disabilities are accessibly housed, that they are able to

United States District Court
Northern District of California

1    obtain and keep necessary assistive devices, and that they receive effective communication

2    regarding accommodations." Armstrong v. Brown, No. 94–2307 CW, Dkt. No. 1974 (Order filed

3    January 13, 2012).

4        Here, plaintiff alleges that he "has a history of disequilibrium associated with Meniere

5    Disease." (Am. Compl. at 7.[1]) Plaintiff alleges that his primary care physician at CTF, Dr. T.

6    Friederichs, M.D., approved him for an Armstrong Remedial Plan classification known as

7    Disability Not Impacting Placement, Mobility ("DNM"). (Am. Compl. at 7, 22.) The Armstrong

8    Remedial Plan describes the DNM classification as follows:

9              Inmates/parolees with permanent lower extremity mobility
               impairments who can walk 100 yards and up a flight of stairs
10             without pausing, with or without aids, shall be designated as DNM.

11   (Defs.' RJN Supp. Mot. to Dis., Ex. A at § II.D.1.[2])

12       Plaintiff alleges that CTF Doctor Darrin M. Bright, D.O. ("Dr. Bright") later removed

13   plaintiff's DNM classification. (Am. Compl. at 7, 22, 30.) Specifically, plaintiff attaches

14   documents to his amended complaint showing that plaintiff submitted a CDC 1824 "Reasonable

15   Accommodation Request" form on February 14, 2011. (Id. at 16-17.) In the form, plaintiff

16   described his purported mobility problems and asked they be noted in his record. (Id.) In

17   response, Dr. Bright examined plaintiff and found that plaintiff "demonstrate[d] that he [had]

18   sufficient mobility and physical functioning to be able to maintain unimpeded access to the

19   programs, services and activities of the department for which he is eligible." (Id.) Dr. Bright

20   further noted that plaintiff did not "have any physical limitations that impact/restrict his placement

21   within CDCR." (Id.) Dr. Bright removed plaintiff's DNM classification on March 14, 2011. (Id.

22   at 30.)

23       Plaintiff did not name Dr. Bright as a defendant in this action. As noted above, there are

24   two defendants herein – Grounds and Cate. Defendant Grounds was, at the times relevant to this

25   _____

26   [1] The page numbers used herein for this document refer to those affixed to the top of the page by
     the court's electronic filing program.

27   [2] Good cause appearing, and no objection having been filed thereto, defendants' Request for
28   Judicial Notice (Dkt. No. 12), is GRANTED.

United States District Court
Northern District of California

case, the Warden of CTF.  (Am. Compl at 6.)  Defendant Cate was, at the times relevant to this

case, the Director of CDCR. (Id.)

Plaintiff alleges that Grounds and Cate:

> acted with "deliberate indifference" by excluding plaintiff from the
> California Department of Corrections and Rehabilitation disability
> program called "Disability Not Impacting Placement Mobility["]
> (DNM), because they knew the health care services determined by
> the Primary Care Physician (PCP) to be reasonable and necessary to
> protect life, prevent significant illness or disability, alleviate pain,
> and are supported by health outcome data as being effective medical
> care to plaintiff.

(Am. Compl. at 7.)

Plaintiff also alleges that Dr. Bright's response to plaintiff's accommodation request was

"re-reviewed on behalf of Warden Grounds."  (Am. Compl. at 7.)  Finally, plaintiff alleges that he

filed an inmate grievance in 2008 requesting orthopedic shoes and that the grievance was "re-

reviewed on behalf of Cate."  (Id. at 8, 46.)  The amended complaint contains no additional

allegations as to Grounds or Cate.

## DISCUSSION

1.  Standard of Review

A motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal

Rules of Civil Procedure should be granted if the complaint does not proffer "enough facts to state

a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570

(2007).  The court "must accept as true all of the factual allegations contained in the complaint,"

Erickson v. Pardus, 551 U.S. 89, 94 (2007), but need not accept as true allegations that are legal

conclusions, unwarranted deductions of fact or unreasonable inferences.  See Sprewell v. Golden

State Warriors, 266 F.3d 979, 988, amended, 275 F.3d 1187 (9th Cir. 2001).  Dismissal can be

based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a

cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

A complaint under 42 U.S.C. § 1983 must set forth specific facts showing how each

defendant proximately caused the deprivation of a federally-protected right.  See Leer v. Murphy,

844 F.2d 628, 634 (9th Cir. 1988.)  Further, a supervisor – such as each defendant herein – may be

1  liable under 42 U.S.C. § 1983 only upon a showing of: (1) personal involvement in the

2  constitutional deprivation; or (2) a sufficient causal connection between the supervisor's wrongful

3  conduct and the constitutional violation.  Hansen v. Black, 885 F.2d 642, 645-46 (9th Cir.

4  1989) (citations omitted).

5      In considering a motion to dismiss, the court must construe the complaint in the light most

6  favorable to the plaintiff and accept all factual allegations as true.  See Cahill v. Liberty Mut. Ins.

7  Co., 80 F.3d 336, 337–38 (9th Cir. 1996).  Federal courts are particularly liberal in

8  construing allegations made in pro se civil rights complaints.  See Thompson v. Davis, 295 F.3d

9  890, 895 (9th Cir. 2002).  In ruling on a Rule 12(b)(6) motion, the court may not consider any

10  material outside the complaint but may consider exhibits attached thereto.  See Arpin v. Santa

11  Clara Valley Transportation Agency, 261 F.3d 912, 925 (9th Cir. 2001); Fed. R. Civ. P. 10(c).

12      2.  Analysis

13      To reiterate, plaintiff alleges that removal of his DNM classification violated his Eighth

14  Amendment right to adequate medical care.  In their motion to dismiss, defendants argue that the

15  allegations in the amended complaint, even if assumed to be true and liberally construed in

16  plaintiff's favor, do not state a plausible Eighth Amendment claim against them.

17      Deliberate indifference to a prisoner's serious medical needs violates the Eighth

18  Amendment's proscription against cruel and unusual punishment.  See Estelle v. Gamble, 429 U.S.

19  97, 104 (1976).  "A determination of 'deliberate indifference' involves an examination of two

20  elements: the seriousness of the prisoner's medical need and the nature of the defendant's response

21  to that need."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other

22  grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A

23  "serious" medical need exists if the failure to treat a prisoner's condition could result in further

24  significant injury or the "unnecessary and wanton infliction of pain."  Id. (citing Estelle v. Gamble,

25  429 U.S. at 104).  A prison official is deliberately indifferent if he knows a prisoner faces a

26  substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate

27  it.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  The prison official must not only "be aware of

28  facts from which the inference could be drawn that a substantial risk of serious harm exists," but

United States District Court
Northern District of California

4

1   "must also draw the inference."  Id.  Consequently, in order for deliberate indifference to be

2   established, there must exist both a purposeful act or failure to act on the part of the defendant and

3   harm resulting therefrom.  Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407

4   (9th Cir. 1985).

5          Here, plaintiff fails to allege that he did not receive any medical care or that he suffered

6   any harm whatsoever.  Instead, the entire basis for the amended complaint is plaintiff's assertion

7   that he had a right to a DNM classification.  DNM is an administrative classification; inclusion or

8   exclusion in the class does not, in and of itself, cause harm.  Plaintiff makes no allegation that his

9   DNM de-classification caused him any pain or injury.  Accordingly, plaintiff fails to allege a

10  serious medical need.

11         Further, even assuming the first element was sufficiently pled, plaintiff nevertheless has

12  failed to allege that either defendant knew of and disregarded a substantial risk to plaintiff's health.

13  While plaintiff alleges that defendants "acted with 'deliberate indifference'  . . . because they knew

14  the health care services determined by the Primary Care Physician (PCP) to be reasonable and

15  necessary" (Am. Compl. at 7), plaintiff does not identify what health care services defendants

16  allegedly knew were necessary or why.  Indeed, plaintiff fails to identify how defendants even

17  could have known that plaintiff's DNM classification was removed.  The simple allegation that

18  defendants knew of necessary health care services is, without more, conclusory, and, even

19  liberally construed, does not state a "plausible" claim that defendants acted with deliberate

20  indifference.

21         Plaintiff does attach to his amended complaint various grievance forms, accommodation

22  requests, medical records, classification committee notes, and correspondence.  Defendants' names

23  do not appear on any of these documents, however.  As a result, the attachments to the amended

24  complaint, like the amended complaint itself, do not allege defendants' personal involvement in

25  any constitutional deprivation or a sufficient causal connection between their alleged wrongful

26  conduct and any constitutional violation.  See Hansen, 885 F.2d at 645-46.  Without such

27  allegations, the amended complaint is insufficient to state an Eighth Amendment claims.

28         In sum, the allegations in the amended complaint and the attached exhibits, even when

United States District Court
Northern District of California

5

1  liberally construed, assumed to be true, and viewed in plaintiff's favor, do not establish that

2  defendants were deliberately indifferent to plaintiff's medical needs.  Consequently, the amended

3  complaint will be dismissed for failure to state a cognizable claim for relief.  Further leave to

4  amend will not be granted because plaintiff has already been granted leave to amend but has been

5  unable to set forth cognizable claims for relief.[3]

6  **CONCLUSION**

7       In light of the foregoing, defendants' motion to dismiss is GRANTED, and plaintiff's

8  complaint is DISMISSED for failure to state a cognizable claim for relief.

9       The Clerk shall enter judgment and close the file.

10       This order terminates Docket No. 18.

11       **IT IS SO ORDERED**.

12  Dated: June 3, 2013

13  _____

14                     JON S. TIGAR
                United States District Judge

---

[3] Because the Court dismisses the complaint for failure to state a claim, it need not address defendants' alternative arguments that: (1) plaintiff's official capacity claims are barred by the Eleventh Amendment, and (2) defendants' are entitled to qualified immunity.